**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LATOYA COPELAND, *Plaintiff* | § § § | |
| -vs- | § | SA-22-CV-01182-XR |
| UR M. JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; DAVID H. WETMORE, DIRECTOR, BOARD OF IMMIGRATION APPEAL; AND JOSE M. CORREASR., DIRECTOR OF USCIS, SAN ANTONIO FIELD OFFICE; *Defendants* | § § § § § § § § § § | |

**ORDER**

On this date, the Court considered Defendants' motion to dismiss this case for lack of subject matter jurisdiction (ECF No. 13). After careful consideration, the motion is **GRANTED**.

**BACKGROUND**

Plaintiff Latoya Copeland, a United States citizen, filed an immediate relative petition (Form I-130) on behalf of her spouse, Olorunjuwon Kolawole, which United States Citizenship and Immigration Services ("USCIS") denied in September 2020, finding that the evidence of record did not establish the claimed relationship. ECF No. 4 at 2, 6, 10–11; ECF No. 13-1 at 3–4. Plaintiff Copeland requested an administrative appeal of the denial, which she filed with the local USCIS office. ECF No. 4 at 2.

Plaintiff initiated this action in October 2022, by filing her *pro se* Petition for Writ of Mandamus against Defendants Ur Mendoza Jaddou, Director of U.S. Citizenship and Immigration Services, David H. Wetmore, Chief Appellate Immigration Judge of the Board of Immigration Appeals ("BIA"), and Tina Almond, Director of the USCIS San Antonio Field Office. *Id.* at 1. Plaintiff alleged that her appeal had "been buried in [the] USCIS San Antonio

[field] office for over 19 months" without having been forwarded to the BIA. *Id.* at 2. Plaintiff requested that the Court: (1) compel USCIS to resolve the "application" immediately or within a reasonable timeframe; or (2) assume jurisdiction and adjudicate the "application;" and (3) compel USCIS to pay $1500 in costs. *Id.*

Plaintiff's administrative appeal was in fact forwarded to the BIA on August 15, 2022. ECF No. 13-2. On November 7, 2022, the BIA remanded Plaintiff's Form I-130 petition to USCIS for additional consideration. *Id.* On February 16, 2023, USCIS issued a Request for Evidence directing Plaintiff to submit a properly completed Medical Examination and Vaccination Record. ECF No. 13-3. USCIS provided Plaintiff until May 15, 2023, to submit the requested evidence, plus an additional 60 days for any COVID-related delays. *Id.*

On March 27, 2023, Defendants filed a motion to dismiss this case for lack of subject matter jurisdiction, as the requested relief is now moot. ECF No. 13. Plaintiff has not filed a response, and the time in which to do so has expired.

## DISCUSSION

### I. Legal Standard

Defendant moves the Court to dismiss this case for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure Rule 12(b)(1). Dismissal is proper under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). When a motion to

dismiss is based on the lack of jurisdiction on the face of the complaint, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court will consider the allegations in the plaintiff's complaint as true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. CONST., Art. III, § 2. The "case or controversy" requirement defines the purview of the federal judiciary and several Article III doctrines limit which cases the federal judiciary can hear, i.e., what cases are "justiciable." *See Allen v. Wright*, 468 U.S. 737 (1984), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118 (2014). The various Article III doctrines—standing, mootness, ripeness, and political question—reflect "the idea of separation of powers on which the Federal Government is founded." *Allen*, 468 U.S. at 750. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). Mootness occurs when a previously justiciable dispute no longer presents adverse legal interests. *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). The ripeness doctrine, on the other hand, prevents the courts, "through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties," *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (citing *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967)).

## II. Analysis

Noncitizens who have been admitted or paroled into the United States may adjust their status to become lawful permanent residents in a variety of ways, one of which is by marrying a U.S. citizen. This is a two-step process. First, the U.S. citizen spouse—the "petitioner"—must file a visa petition, or a Form I-130, Petition for Alien Relative, on behalf of his or her spouse. 8 U.S.C. § 1154(b). This I-130 petition is filed with USCIS and classifies the relative (the "beneficiary") under one of the immigrant-relative categories under the Immigration and Nationality Act. 8 U.S.C. §§ 1151(b), 1153(a), 1154(a)(1)(A)(i), (a)(1)(B)(i)(I); 8 C.F.R. § 204.1(a)(1). Spouses of U.S. citizens are "immediate relatives." 8 U.S.C. § 1151(b)(2)(A)(i).

After, or contemporaneous with, the filing of the I-130 Petition, the beneficiary must submit Form I–485, which is the application to adjust status. 8 C.F.R. §§ 299.1, 245.2(a)(3)(ii). DHS may grant a noncitizen's application for adjustment of status in its "discretion and under such regulations as [DHS] may prescribe," if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Additionally, an applicant also must have been "inspected" and "admitted or paroled" into the country. 8 U.S.C. § 1255(a); 8 C.F.R. § 245.1(b)(3).

If USCIS denies a Form I-130, the decision becomes final unless the petitioner appeals it by filing a completed Form EOIR-29, Notice of Appeal to the BIA from a Decision of a USCIS Officer. *See* BIA Practice Manual at Chapter 9; Visa Petition Denials, subsections 9.3 (c)(1)-(3). Although the appeal is decided by the BIA, the petitioner must send the Form EOIR-29 and all required documents, including the appropriate filing fee, to the local USCIS Field Office within

30 days from the notice of denial. *Id.* The petitioner may then file with USCIS a brief in support of the appeal within 30 days of filing the appeal. *Id.* at 9.3(c)(6). From there, USCIS sends the appeal for further processing. *Id.* at 9.3(d)

The relief that Plaintiff requests—the processing of her request of an administrative appeal of the denied Form I-130—has already occurred. ECF No. 13-1. A decision by this Court in favor of Plaintiffs will not benefit Plaintiff because USCIS already transferred the appeal request to the BIA, and the BIA has already reopened the denial and remanded it to USCIS for further consideration. *Id.* As a result, there is no longer a live case or controversy related to the initial denial of the I-130 or the appeal of the denial. *Mohamed v. Gonzales*, 436 F.3d 79 (2d Cir. 2006); *Nat'l Basketball Retired Players Ass'n v. USCIS*, No. 16 CV 09454, 2017 WL 2653081, *4 (N.D. Ill. June 20, 2017); *Zaman v. Rice*, No. CV-05-4641 CPS, 2006 WL 1967486, *2 (E.D.N.Y. July 12, 2006). The Court also lacks jurisdiction over Plaintiff's request that the Court adjudicate her spouse's I-485 application. Any claim premised on the I-485 application will not be ripe unless and until the I-130 petition is resolved by USCIS, 8 U.S.C. § 1255(a), and must therefore be dismissed. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012).

Finally, Plaintiff is not entitled to $1,500 in costs related to preparing her mandamus petition because she is not a "prevailing party" within the meaning of Rule 54(d) of the Federal Rules of Civil Procedure. In some circumstances in which a plaintiff's claims are dismissed as moot, an award of costs may be appropriate. "When 'the defendant alters its conduct so that plaintiff's claim [for injunctive relief] becomes moot before judgment is reached, costs may be allowed [under Rule 54(d)] *if the court finds that the changes were the result, at least in part, of plaintiff's litigation*.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 632–33 (2001) (Ginsburg, J., dissenting) (emphasis added) (quoting 10

Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2667 (2d ed. 1983)). Here, because Plaintiff's appeal was forwarded to the BIA in August 2022—nearly three months before she filed her mandamus petition—there is no reason to believe that the processing of the appeal was the result, even in part, of this litigation. Accordingly, Plaintiff is not entitled to costs.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss this case as moot (ECF No. 13) is **GRANTED**. This. case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. A final judgment pursuant to Rule 58 will issue follow.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Latoya Copeland, 134 Vanderheck Street, Apt. 03, San Antonio, TX 78209.

It is **SO ORDERED**.

**SIGNED** this 25th day of April, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE